J-S36040-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RODERICK SIMS | : | |
| | : | |
| Appellant | : | No. 1828 MDA 2018 |

Appeal from the PCRA Order Entered October 25, 2018
In the Court of Common Pleas of Union County Criminal Division at
No(s):  CP-60-CR-0000385-2008

BEFORE:  PANELLA, P.J., SHOGAN, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:          **FILED: JULY 23, 2019**

Roderick Sims (Sims) appeals from the order of the Court of Common Pleas of Union County (PCRA Court) denying his *pro se* petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

**I.**

The following facts and procedural background are gleaned from our independent review of the certified record.  In 2012, Sims was convicted after a jury trial of second-degree murder and sentenced to a life term on that count.[1]  Sims appealed the judgment of sentence and this Court affirmed.

---

*   Retired Senior Judge assigned to the Superior Court.

[1] Sims was also found guilty of one count of burglary (sentenced to five to 20 years) and two counts of terroristic threats (sentenced to one to five years, to

*See Commonwealth v. Sims*, 2013 WL 11253791, No. 15 MDA 2013 (Pa. Super. September 11, 2013). Our Supreme Court denied his petition for an allowance of appeal on September 22, 2014. *See Commonwealth v. Sims*, 105 A.3d 736 (Pa. 2014). Sims timely filed PCRA petitions in 2015 and 2016, but withdrew them both prior to disposition.

In 2017, Sims filed a third PCRA petition that was dismissed as untimely. This Court affirmed that denial in *Commonwealth v. Sims*, 2017 WL 6523381, No. 371 MDA 2017 (Pa. Super. December 21, 2017). One of the issues raised in that appeal concerned the Commonwealth's inadvertent destruction of blood sample evidence. *See Sims*, 2017 WL 6523381, No. 371 MDA 2017 at *4-5. Sims contended that the loss of the blood samples constituted a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), which trial counsel and PCRA counsel failed to assert as a basis for relief. Sims also argued that the loss of this evidence satisfied the "government interference" and "newly-discovered fact" exceptions to the PCRA's time-bar provisions. *Id*.

We held that Sims' claim did not satisfy those exceptions because he knew of the destruction of the blood samples years prior to his trial. *See Sims*, No. 371 MDA 2017 at *5. He also failed to show how the loss of that

---

be served consecutively). All counts stemmed from the 2008 murder of the mother of Sims' four children.

evidence amounted to newly discovered evidence or government interference which prevented him from timely filing his PCRA claims. *Id*. at *5, n.3.

On September 27, 2018, Sims filed the *pro se* PCRA petition now at issue and the trial court summarily dismissed it as untimely on October 25, 2018. *See* PCRA Court Opinion, 12/4/2018, at pp. 1-2. Sims appealed and moved the PCRA court to amend his petition to add new claims regarding PCRA counsel's alleged ineffectiveness and the Commonwealth's attempts to delay the consideration of his petition. The PCRA court denied Sims' motion to amend the petition because its order denying the original version was already under review.[2]

In his brief, Sims asserted a number of issues for our consideration which are difficult to discern but generally echo the grounds raised in his previous PCRA appeals. *See Sims*, 2017 WL 6523381, No. 371 MDA 2017. We rephrase and condense the issues before us as follows:

A. Whether the PCRA court abused its discretion by denying an evidentiary hearing as to Sims' first PCRA petition, and failing to give him advance notice of that denial pursuant to Pa.R.Crim.P. 907.

B. Whether the Commonwealth and the trial court deprived Sims of blood sample evidence, satisfying the "government interference" exception to the PCRA's time-bar provisions.

---

[2] "Our standard of review in PCRA appeals is limited to determining whether the findings of the PCRA court are supported by the record and free from legal error." *Commonwealth. v. Spotz,* 84 A.3d 294, 319 (Pa. 2014) (quoting *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009)).

C. Whether Sims' PCRA counsel was legally ineffective in failing to investigate the destruction of **Brady** material and assert it as a basis for a time-bar exception in previous PCRA proceedings.

D. Whether the PCRA court erred in denying Sims' motion to amend the present petition.

E. Whether the PCRA court erred in denying an evidentiary hearing.

**See** Appellant's Brief, at 4.[3]

The Commonwealth contends that the trial court properly dismissed Sims' PCRA petition as untimely because no exception applies that would allow the petition to be filed over a year after his judgment of sentence became final. The Commonwealth also asserts that the PCRA court did not err in denying an evidentiary hearing and barring Sims from amending his untimely petition. We agree.

## II.

A PCRA petition is timely if filed within one year from the date the petitioner's judgment of sentence became final, which occurs at the conclusion of direct review. **See** 42 Pa.C.S. § 9545(b)(3). A PCRA court only has jurisdiction to entertain timely claims or claims which satisfy an exception to the PCRA's time-bar. **See id.** at § 9545(b)(1); **Commonwealth v. Abu-Jamal**, 833 A.2d 719, 724 (Pa. 2003). PCRA petitions cannot be amended once their denial is under review. **See generally Commonwealth v. Beatty**,

---

[3] Sims and the PCRA court both complied with Pa.R.A.P. 1925.

207 A.3d 957, 961 (Pa. Super. 2019) ("Pennsylvania law makes clear the trial court has no jurisdiction to consider a subsequent PCRA petition while an appeal from the denial of the petitioner's prior PCRA petition in the same case is still pending on appeal.").

A petitioner may establish an exception to the PCRA time-bar by pleading and proving that: the delay was caused by the government's constitutional violation; the facts on which the claims are based were unknown and could not have been discovered through the petitioner's exercise of due diligence; or the claims are based on a new constitutional right that applies retroactively. **See** 42 Pa.C.S. § 9545(b)(1)(i-iii). These exceptions must be invoked in a petition that is "filed within **60 days** of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2) (emphasis added).[4]

Courts seek to avoid "serial requests for post-conviction relief" by applying a heightened timeliness standard to second or subsequent PCRA petitions. **Commonwealth v. Jette**, 23 A.3d 1032, 1043 (Pa. 2011). "A second or subsequent request for relief under the PCRA will not be entertained unless the petitioner presents a strong prima facie showing that a miscarriage

---

[4] On October 24, 2018, the General Assembly amended subsection 9545(b)(2) to enlarge the time in which a petitioner may invoke a PCRA time-bar exception – going from 60 days to one year from the date the claim arises. **See** Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days [Dec. 24, 2018]. However, the amendment only applies to claims arising on December 24, 2017 or thereafter. **Id.** at § 3. In this case, all of Sims' claims arose prior to the operative date of the amendment, so the 60-day period applies.

of justice may have occurred." ***Commonwealth v. Hawkins***, 953 A.2d 1248, 1251 (Pa. 2006); ***Commonwealth v. Williams***, 660 A.2d 614, 618 (Pa. Super. 1995).

"An issue is waived under the PCRA 'if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post conviction proceeding.'" ***Commonwealth v. Jones***, 815 A.2d 598, 606-07 (Pa. 2002) (quoting 42 Pa.C.S. § 9544(b)). A petitioner may not reassert previously litigated claims in a PCRA petition. ***See id***. at § 9544(a); ***Commonwealth v. Rivera***, 199 A. 3d 365, 374 (Pa. 2018).

In this case, Sims acknowledges that his present petition is facially untimely because it was filed several years after his judgment of sentence in 2014. In order for this Court to reach the merits of his claims, Sims had to satisfy one of the above exceptions to the PCRA's time bar. He did not do so.

Sims primarily argues that he satisfies the "government interference" exception to the PCRA's time-bar because the Commonwealth destroyed blood sample evidence and the court denied him access to information about the circumstances of that incident. However, those exact same claims were already raised and disposed of in prior proceedings. ***See Sims***, 2017 WL 6523381, No. 371 MDA 2017 at *4-5 (affirming denial of PCRA petition as untimely). Those previously litigated claims may not now be reasserted. ***See*** 42 Pa.C.S. § 9544(a).

To the extent Sims now couches those grounds in terms of his PCRA counsel's ineffectiveness, such claims are also of no avail because we previously rejected the same argument in Sims' last PCRA appeal. *See id*. Further, it is well established that when asserting a time-bar exception to a PCRA petition, newly discovered facts cannot be "another conduit for the same claim" asserted in an earlier petition or direct appeal. ***Commonwealth v. Abu–Jamal***, 941 A.2d 1263, 1269 (Pa. 2008). Courts have declined to apply the exception when the petitioner has just found a new "source for previously known facts." ***Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. 2008) (quotation and citation omitted). PCRA counsel's ineffectiveness cannot save a petition that does not otherwise fall into an exception to the PCRA's jurisdictional time-bar. ***Commonwealth v. Wharton***, 886 A.2d 1120, 1127 (Pa. 2005).[5]

Again, Sims had 60 days from the date his grounds arose to present them but he failed to show that he complied with that strict requirement. ***See*** 42 Pa.C.S. § 9545(b)(2); ***Sims***, 2017 WL 6523381, No. 371 MDA 2017 at *4-

---

[5] Similarly, none of the remaining claims concerning Sims' previous PCRA appeals are proper or timely at this stage. In his brief, for example, Sims vaguely alludes to requesting "sealed" information about evidence destruction which the Commonwealth did not disclose to him. Appellant's Brief, at ¶ 21. However, Sims did not provide enough detail in this nebulous ground to make it a sufficiently cogent claim, must less plead and prove how this bare assertion satisfies a PCRA time-bar exception.

5. As a result, we have no jurisdiction to consider the merits of Sims' PCRA claims. *See id*.

In light of the petition's untimeliness, the PCRA court did not err in denying an evidentiary hearing as Sims asserts. Nor did the PCRA court err in denying Sims leave to amend his petition as its denial was already under review by the time amendment was sought. *See Beatty*, 207 A.3d at 961.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/23/2019